# In the United States Court of Federal Claims

No. 20-831C
(Filed: September 22, 2020)
**NOT FOR PUBLICATION**

|  |  |  |
|---|---|---|
| ANGELA JOHNSON, *et al.*, | ) ) ) | |
| *Pro Se* Plaintiffs, | ) ) | Pro Se; RCFC 12(b)(1); State Courts; State Agencies |
| v. | ) ) | |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) ) | |

**ORDER DISMISSING CASE**

Pro se litigants Angela Johnson and Audrey Johnson filed a complaint in this court alleging "seven grievances" against local and state courts in Oklahoma and a Tennessee child support agency in connection with criminal, divorce, and custody proceedings. *See generally* Compl., ECF No. 1-2. The Johnsons seek $900 million as damages for these grievances. *See id.*, ECF No. 1-1.

On August 25, 2020, defendant the United States (government) filed a motion to dismiss the Johnsons' complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims. The government argues that the Johnsons' claims against local and state courts and agencies fall outside of this court's jurisdiction under the Tucker Act, 28 U.S.C. § 1491. Mot. at 1-2, ECF No. 8.

The Johnsons respond that as United States citizens, they may seek relief from this court.  Resp. at 1-2, ECF No. 10.  The Johnsons note that they listed several federal agencies on the cover sheet of their complaint, including the Department of Justice and Department of Health and Human Services.  *Id.* at 2, 4.  They argue that they have been wronged by the Oklahoma courts and Tennessee child support enforcement agencies, and that "the United States Court of Federal Claims is the only appropriate court for us to pursue Justice and Expiation."  *Id.* at 4.

In reply, the government reiterates that the Johnsons' claims do not fit within this court's jurisdiction, and that the Johnsons' response confirms that they are raising family law matters under state law.  Reply at 1-2, ECF No. 11.

This court's subject matter jurisdiction is limited by the Tucker Act, which places within this court's jurisdiction "any claim against the United States founded either upon the Constitution, or any act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1).  To fall within this court's jurisdiction, a plaintiff must make a claim for money damages against the United States based on an express or implied contract with the United States or a money-mandating constitutional provision, statute, or regulation.  *See United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009); *United States v. Mitchell*, 463 U.S. 206, 215-18 (1983).  Under the Tucker Act, this court does not have jurisdiction over claims against any party other than the United States.  *Trevino v. United States*, 557 F. App'x 995, 998 (Fed. Cir. 2014) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)).

When evaluating whether the Johnsons' claims fall within this court's limited jurisdiction, the Johnsons' complaint is held to a less stringent standard than that of a plaintiff represented by an attorney; however, this leniency does not relieve the Johnsons of this court's jurisdictional requirements. *See, e.g.*, *Harris v. United States*, 113 Fed. Cl. 290, 292 (2013).

Applying these standards, the court must hold that the Johnsons' claims fall outside of this court's limited jurisdiction. The "grievances" contained in the Johnsons' complaint appear to raise claims against state and local courts and agencies in Oklahoma and Tennessee. The first "grievance," for example, is made in connection with a protective order "in Tulsa Criminal Court." Compl., ECF No. 1-2 at 2. The seventh "grievance" involves a Tennessee child support agency. *Id.* at 6. The remaining "grievances" appear to be associated with decisions by the Oklahoma courts in family law matters; for example, the sixth grievance is related to a decision by the "Tulsa District Court" regarding an "offset" to "child support." *Id.* at 2-6. The attachments to the complaint likewise include filings from state agencies or courts, not federal agencies. *Id.* at 11-13. Moreover, in their response, the Johnsons confirm that they are seeking justice based on the actions of "the Oklahoma Supreme Court, the [Tulsa] District Court regarding IRS and Child Support issues, [and] . . . the [Tennessee] Enforcement Agency communicating with the Oklahoma Enforcement Agency" regarding family law matters under state law. Resp. at 4; *see also id.* at 2 (arguing "[o]ne of the seven grievances in this case is the rolling over of a criminal case into a divorce law case").

This court, however, lacks jurisdiction over claims founded on state law, *Sounders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007), or claims against "states, localities, state and local government officials, state courts, state prisons, or state employees," *Trevino*, 557 F. App'x at 998.  This court also does not have "jurisdiction to review other judges' decisions, even when a plaintiff couches its challenge of those decisions as a claim for damages against the United States." *Jones v. United States*, 655 F. App'x 839, 841 (Fed. Cir. 2016) (citing *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994)).  Finally, the Johnsons do not point to any contract with the United States or money-mandating constitutional provision, statute, or regulation on which they base their claims.  *See Navajo Nation*, 556 U.S. at 289-90.  The court therefore lacks jurisdiction over the Johnsons' "grievances" against state courts and agencies under the Tucker Act.  As such, the court must grant the government's motion to dismiss, and dismiss the Johnsons' complaint for lack of subject matter jurisdiction

For the foregoing reasons, the government's motion to dismiss, ECF No. 8, is **GRANTED** and the complaint is **DISMISSED** for lack of subject matter jurisdiction.  The motion for leave to proceed in forma pauperis, ECF No. 2, is **GRANTED** for the limited purposes of this order.  The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/*Nancy B. Firestone*
NANCY B. FIRESTONE
Senior Judge
